# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOREEN BLACKNEY REED<br><br>    Plaintiff<br><br>    V.<br><br>OFFICER DANIEL VAUTIER<br>        Defendant. | CIVIL ACTION NO.  1:07CV1007<br><br>**CERTIFICATION / BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE DISMISSAL AND REOPEN ACTION AND IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT** |

I, Ralph R. Kramer, Esquire, certify the following:

1. I am an attorney at law licensed to practice law in the State of New Jersey and within the Federal District Court of New Jersey.

2. I am the attorney of record for Defendant Daniel Vautier. I am familiar with the facts surrounding his matter as well as the facts which support the filing of this opposition and cross motion.

3. On or about October 21, 2009 settlement in the above captioned matter was reached. Correspondence was forwarded to the court regarding same and an order for dismissal was issued by the court.

4. On or about December 18, 2009 Plaintiff Loreen Blackney Read, through her attorney, filed a motion to vacate the dismissal and place the case back on the court docket.

5. Plaintiff's attorney's certification, which basically states Plaintiff changed her mind[1], fails to establish good cause pursuant to Local Civil Rule 41.1 (b)[2]; nor does it establish any of the grounds for relief delineated in Federal Rule of Civil Procedure 60(b) "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.".

6. Defendant Police Officer Daniel Vautier is no longer a member of the Camden City Police Department and he left same with the understanding and belief that all matters concerning him and the City of Camden Police Department have been resolved.[3] Defendant Vautier would be prejudiced if Plaintiff's motion is granted.

7. Plaintiff's motion must be denied on both procedural and substantive grounds.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

Dated:   December 30, 2009                     /s/ Ralph R. Kramer
                                               Ralph R. Kramer, Esquire
                                               605 White Horse Pike
                                               Haddon Heights, New Jersey 08035
                                               (856) 546-1114
                                               Attorney for Defendant

---

[1] "…she obviously now believers that her claim is worth more than the agreed upon settlement…" (See paragraph 6 of Plaintiff's certification.)
[2] "(b) When a case has been settled, counsel shall promptly notify the Clerk and the Court, thereafter confirming the same in writing. Within 15 days of such notification, counsel shall file all -papers necessary to terminate the case. Upon failure of counsel to do so, the Clerk shall prepare an order for submission to the Court dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated."
[3] Since settlement no contact between the Defendant and me has occurred. I do not know if he is still within the jurisdiction.