# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAREEN BLAKNEY-REED, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 07-cv-1007 (NLH)(KMW) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| CITY OF CAMDEN, et al., | : | |
| | : | |
| Defendants. | : | |

**HILLMAN, District Judge**

THIS MATTER having been raised by motion filed by Plaintiff, Lareen Blakney-Reed, seeking to vacate the Court's dismissal order, and by cross-motion filed by Defendant, Daniel Vautier, II, seeking to enforce the parties' settlement; and

The Court noting that on or around March 3, 2007, Plaintiff commenced a lawsuit in this Court alleging civil rights violations against several named defendants, including Vautier; and

The Court further noting that on or around October 30, 2009, the Court signed an Order of Dismissal, effectively dismissing the case in light of a settlement agreed upon by Plaintiff and Defendant; and

It appearing that on or around December 18, 2009, Plaintiff moved to vacate the Order of Dismissal; and

It further appearing that, as set forth in a certification provided by Plaintiff's counsel, Plaintiff wishes to set aside her settlement, vacate the dismissal order, and proceed to trial because she has been advised that her claim is worth in excess of $1,000,000;

and

It appearing that on or around January 5, 2010, Defendant cross-moved to enforce the settlement agreed upon by the parties; and

Defendant arguing that the parties reached a settlement and Plaintiff's mere desire to try the case and seek a greater award does not establish good cause pursuant to Local Civil Rule 41.1(b) or any grounds for relief as stipulated by Federal Rule of Civil Procedure 60(b); and

It appearing that, for those reasons, Defendant asks that the Court deny Plaintiff's motion and enforce the parties' settlement agreement; and

Local Civil Rule 41.1(b) providing that a court may enter an order dismissing a case "without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated"; and

The Court finding that the Order of Dismissal in this case allows a party "upon motion and good cause shown," to seek to reopen this matter "if the settlement is not consummated" and that it vests the Court with jurisdiction to continue to hear this matter; and

The Court finding that, regardless of whether or not the settlement was consummated, Plaintiff informed her counsel that the settlement proposal between the parties was accepted; and

The Court finding that Plaintiff has failed to demonstrate good cause to warrant relief from the dismissal order, see Dominques v. N.J. Transit, 2006 U.S. Dist. LEXIS 76814, at *6 (D.N.J. Oct. 11,

2

2006) ("The Court may deny a motion to reopen if the moving party fails to demonstrate good cause or fails to satisfy the requirements identified in the Comment [to Local Civil Rule 41.1(b)]."); <u>see also</u> <u>Lawton v. CVS Pharm.</u>, 2007 U.S. Dist. LEXIS 22796, at *12 (D.N.J. Mar. 28, 2007) (enforcing a settlement, notwithstanding one party's "change of heart," because that party "freely entered into a binding oral contract to settle" with the other party); and

Federal Rule of Civil Procedure 60(b) providing that the court may relieve a party from a final judgment, order, or proceeding for certain reasons or under certain circumstances enumerated thereunder;[1] and

The Court finding that Plaintiff fails to articulate any of

---

[1] Among those reasons that justify relief in accordance with Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

those grounds for relief as set forth in Rule 60(b); and

The Court further noting that state law governs the enforcement of settlement agreements in federal court. Becton v. Piscataqua Trans., Inc., 2009 U.S. Dist. LEXIS 87637, at *2 (D.N.J. Aug. 25, 2009). Further, New Jersey strongly favors the settlement of litigation. Maiellano v. World Travel Group, Inc., 2009 U.S. Dist. LEXIS 17803, at *5 (D.N.J. Mar. 9, 2009) (citing Nolan v. Lee Ho, 577 A.2d 143 (1990)) (other citation omitted). "Indeed, '[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the Court and even in the absence of a writing.'" Id. (quoting Cooper-Jarrett, Inc. v. Central Transp., Inc., 726 F.2d 93, 96 (3d Cir. 1984)). Under New Jersey law, "[a]s long as the parties orally agree to the essential terms, the settlement 'will be enforced notwithstanding the fact that a writing does not materialize because a party later reneges.'" Id. at *6 (quoting McDonnell v. Engine Dist., 2007 U.S. Dist. LEXIS 70925, at **10-11 (D.N.J. Sept. 24, 2007)); and

The Court again finding that Plaintiff, through her counsel, accepted a settlement agreement with Defendant, and there being no dispute that such an agreement, with its essential terms, was crafted by the parties;

Accordingly,

IT IS on this   23rd   day of   July   , 2010, hereby

**ORDERED** that Plaintiff's Motion to Vacate the Order of Dismissal (Doc. # 32) is **DENIED**; and it is hereby

4

**ORDERED** that Defendant's Motion to Enforce the Settlement (Doc. # 33) is **GRANTED;** and it is hereby

**ORDERED** that this case is **CLOSED.**

<table>
<tr><td></td><td>_____/s/ NOEL L. HILLMAN_____</td></tr>
<tr><td>At Camden, New Jersey</td><td>HON. NOEL L. HILLMAN, U.S.D.J.</td></tr>
</table>